**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARDEEP SINGH, | No. 22-237 |
| Petitioner, | Agency No.    A216-274-464 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2023[**]
San Francisco, California

Before: BOGGS,[***] M. SMITH, and OWENS, Circuit Judges.

Petitioner Pardeep Singh, a citizen of India, challenges the Board of

Immigration Appeals' (BIA) dismissal of his appeal from the Immigration

Judge's (IJ) denial of his application for asylum, withholding of removal, and

protection pursuant to the Convention Against Torture.  The parties are familiar

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

with the facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's adverse credibility determinations for substantial evidence, *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013), and can reverse such determinations only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's adverse credibility determination in this case. The agency accurately pointed to several inconsistencies in the record that undermine Petitioner's credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (explaining that inconsistencies, considered in light of "the totality of the circumstances," may support an adverse credibility finding (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

First, Petitioner made inconsistent representations about his injuries from the first attack. He stated in his declaration that his back was bruised, and then testified at his hearing that he suffered internal injuries and hurt his knee, while his doctor's note refers to scratches and a knee injury. Petitioner argues that his doctor's note merely omitted unimportant details about his injuries. However, it is unlikely that the doctor would have omitted reference to a back injury or internal injuries, as they are not minor or ancillary to the injuries described in the letter. This explanation also does not account for the inconsistencies between

Petitioner's own statements. Second, Petitioner testified that he received bandages and ointment from his doctor after the incident, which his doctor's note fails to mention, despite describing other treatments Petitioner received.

Third, Petitioner gave inconsistent explanations for why he did not report the first attack. Although he first stated that he did not take the incident seriously, he later contended that the incident was "grave" but he did not report it because he did not want to "create more problems." He did not provide an adequate explanation for this inconsistency, despite being given the opportunity to do so in his hearing. Taken together, these inconsistencies provide substantial evidence supporting the agency's adverse credibility finding. *See Shrestha*, 590 F.3d at 1043; 8 U.S.C. § 1252(b)(4)(B).

**PETITION DENIED.**